# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN PERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.　　　　　／ | CASE NO. 1:05-CV-00274-REC-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Docs. 1, 9, and 10) |

I.　　Findings and Recommendations Following Screening of Complaint

　　A.　　Procedural History

Plaintiff Alan Perry ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 25, 2005. (Doc. 1.) On August 8, 2005, the undersigned issued an order finding that plaintiff's complaint contains a cognizable claim for relief against defendants Frye and Mayfield for failing to protect plaintiff, in violation of the Eighth Amendment, but does not contain any other claims upon which relief may be granted under section 1983. (Doc. 9.) The court ordered plaintiff to either file an amended complaint or notify the court that he does not wish to amend and is willing to proceed only against defendants Frye and Mayfield. (Id.) On August 16, 2005, plaintiff notified the court that he is willing to proceed only against defendants Frye and Mayfield. (Doc. 10.) Based on plaintiff's notice, this Findings and Recommendations now issues.

///

B.  Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.  Plaintiff's Claims

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names Correctional Officer L. Frye, Captain J. Ahlin, Lieutenant A. J. Silva, and Sergeant J. C. Mayfield as defendants. Plaintiff is seeking damages and injunctive relief based on the alleged violation of his Eighth Amendment rights.

In his complaint, plaintiff alleges that on January 30, 2004, his cellmate threatened to stab him in his sleep. Plaintiff reported the incident to defendant Frye, who summoned five white inmates, three black inmates, and one Mexican inmate and stated that he was trying to keep the incident from becoming a racial issue. Plaintiff alleges that defendant Frye did not confront

plaintiff's cellmate, cussed at and threatened to send plaintiff to administrative segregation, and told plaintiff that he was not going to move anyone out of the cell. Plaintiff alleges that defendant Mayfield was present during the exchange. Afterward, plaintiff attempted to discuss the issue with Mayfield but was told it was between plaintiff and Frye.

On March 19, 2004, plaintiff was interviewed about the incident by defendant Silva. During the interview, Silva told plaintiff that he did not want plaintiff naming names. Silva had plaintiff sign a complaint against an officer.

On June 4, 2004, plaintiff stopped defendant Ahlin and discussed the issue with him. Ahlin told plaintiff he would look into it and get back to plaintiff, but never did. Four days later, during his annual classification review, plaintiff again raised the issue with Ahlin, along with the issue of other complaints plaintiff had filed against Frye for harassment. Plaintiff was told by Ahlin that he would check into it. Plaintiff's request to be transferred to another prison or out of the building Frye worked in was denied, and plaintiff was told he could always go to the "hole." On June 10, 2004, plaintiff was sent to administrative segregation because Frye said plaintiff threatened him. Plaintiff alleges that he was found guilty of the charge even though he did not threaten Frye. Plaintiff alleges that Frye failed to protect him, and continued to harass him and cuss at him.

1. <u>Eighth Amendment Failure-to-Protect Claim</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id</u>.; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Hoptowit</u>, 682 F.2d at 1250-51 (9th Cir. 1982); <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." <u>Farmer</u>, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Farmer</u> at 834 (citing <u>Wilson v.</u>

Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

Plaintiff's allegations are sufficient to state a claim for relief under section 1983 against defendants Frye and Mayfield for violating the Eighth Amendment by failing to protect plaintiff after plaintiff reported that his cellmate threatened to stab him in his sleep. However, plaintiff's allegations that Frye harassed and cussed at him do not give rise to any claims for relief. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

With respect to defendants Silva and Ahlin, plaintiff's allegations do not support a claim that either of them "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff's cellmate threatened him on January 30, 2004. Plaintiff has alleged no facts that would support a claim that his cellmate still posed an excessive risk to plaintiff at the time he made contact with Silva and Ahlin, and that Silva and Ahlin knew of this excessive risk but failed to take action. Accordingly, plaintiff fails to state a claim upon which relief may be granted against defendants Silva and Ahlin.

D.    Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendants Frye and Mayfield for failing to protect plaintiff, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. The court provided plaintiff with the opportunity to file an amended complaint, but plaintiff opted to proceed only against defendants Frye and Mayfield. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint, filed February 25, 2005, against defendants Frye and Mayfield for failing to protect plaintiff, in violation of the Eighth Amendment;

2. Plaintiff's claim against defendant Frye based on verbal harassment and verbal abuse be dismissed for failure to state a claim upon which relief may be granted under

4

section 1983; and

3. Defendants Ahlin and Silva, and the claims against them, be dismissed from this action for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 18, 2005**            /s/ Sandra M. Snyder
icido3                        UNITED STATES MAGISTRATE JUDGE